with the first one being Jackson v. McNeil. Good morning, Your Honor. Aussie Delina for Appellant Tony Jackson. If I may at the outset reserve up to three minutes for rebuttal. All right. We respectfully request that this court reverse the ruling of the District Court dismissing Mr. Jackson's Bivens complaint. This matter falls within the central Bivens purpose to remedy constitutional violations by an individual officer and there are no special factors counseling hesitation. As a result, Mr. Jackson should have been allowed to amend his complaint to remedy the remaining errors, which the District Court acknowledged could potentially have been remedied if he had been granted leave to amend but for its conclusion that Bivens simply would not be available to him in this instance. Can I ask you a question? It's Judge Pregerson. You conceded that this is a new Bivens context? Yes, Your Honor. And then what's the exit strategy for that because it seems like that door if it's not completely closed, it's closed with just the strip of light coming through. Yes, I agree with you, Your Honor, that there has been some substantial narrowing of Bivens as applied to new contexts and the Supreme Court has provided only the roughest outlines of a sketch as to what a Bivens, a cognizable Bivens claim may be. However, it has not foreclosed applying Bivens to a new context and although a modest extension is still an extension, the court has not gone so far as to foreclose that. Here, this falls within the test which remains the same test for Ziegler v. Abbasi, which is whether there are special factors counseling hesitation and here there are not. So in this specific instance, it would be an extension of Bivens, but one that's warranted. Can you? Well, but I'm sorry, Judge. Go ahead. Yeah. Yeah. No, I just I don't see the exit. I mean, Judge, Justice Gorsuch essentially said the doors closed. Why are we pretending? And just give me some offer of proof that would indicate to the court just how those special factors might ever break in your favor under these circumstances. Sure. So the case to which I believe you're referring is the reversal in Buhl v. Egbert and the fact remains that although there is some strong dicta in that opinion, the holding did not foreclose extending Bivens to new situations. That case in fact involved special factors that are not at issue here in particular and involved an issue of national security an issue which has drawn matters of national security in general draw the attention of Congress. There are reasons to believe that Congress is best suited to provide a remedy in that instance and that any failure to do so is more than a mere oversight here. We're dealing with individual rank-and-file officer. What appears very much to be a gap in the regulatory proceedings, excuse me, regulatory standards for what needs to be done when property is taken under the pretense of criminal forfeiture later decided that that would be released under almost any other statutory scheme. There would be a place for notice an opportunity to assert an ownership interest here. There's just a gap and there's no reason to believe that that was anything other than oversight by Congress, which is very different than the issues. We see the Supreme Court reversing sending back counseling against extending Bivens. Let me I want to ask you a question that goes to what your claim is here because it will help me understand whether this should be extended to a new Bivens context. What is your claim? Is it it's not an it's not a takings claim because you you don't dispute that the initial deprivation was proper and the eventual taking I take it was done by a private party. You don't seem to dispute that money was owed on the cars and that there were liens on them to Melody. So I'm trying to figure out what the nature of your Fifth Amendment claim is. Can you can you give me the one-minute summary of your Fifth Amendment claim? What is it? Yes. This would be a deprivation of property by effectuating the transfer of that property to someone other than the owner without the opportunity for notice hearing opportunity to assert. So you're not claiming deprivation of property without compensation. You're not making an eminent domain claim. No, your Honor. Okay. What so I'm still trying to figure out how you were injured your client was injured by the absence of notice. If in fact Melody held the liens on these cars and the record seems to indicate that he concedes that he couldn't pay for the pay on the liens. What's what's the damage here? There are facts that do need to be fleshed out. And that's something that oftentimes is not going to be evident from the record on a complaint. But at the very high level the damage would be Mr. Jackson should have had the opportunity to assert his ownership interest. Perhaps he may have been able to come up with the money find a way to do that work something out with Melody was he notified of the repossessions by Melody? That is not evident from the record. There are some licensing notices that suggest that there was a repossession proceeding instituted originally in prior to the seizure, but it's not clear on this record what Mr. Jackson's understanding was prior to the seizure of the vehicles. Regarding the black Mercedes, although the district court skimmed over that one and focused largely on the red Mercedes had Mr. Jackson been able to assert his ownership interest in that he also may have been able to at least assert a lien ask for a partition get his money back that he had invested in the down payment of that vehicle. Although he wasn't a record title owner. So again, that is an interest that an ownership interest that he had in property that he was deprived of being able to that leads to my second question. How was the defendant or the government to know that Mr. Jackson had any ownership claim in the second car. He wasn't the record title owner. He's not so what were they supposed to do? Well, it does appear that the government did have an understanding that that was property of Mr. Jackson as it was listed as forfeiture against him. It doesn't have to be your property for there to be forfeiture. It can be the proceeds of your illegal activity, but they they seized it. You don't think there's a problem with the seizure and then when they want to release it, they look at the registration and he's not the registered owner. So what are they supposed to do supposed to notify him nonetheless that they're about to release it to the register either the registered owner or the wain holder. Yes, I do think notice in this case would have allowed Mr. Jackson to assert his interest which is precisely why notice is generally required before forfeiting property. I do see that time is running low. You wanted to save a little bit of time. Well, I actually think rather than save time for rebuttal there is one matter. I wanted to flag for the court because it is new and recent this week. We learned that Mr. Jackson's underlying conviction had been vacated. He entered a plea to a different offense. He is currently out on his he's no longer incarcerated, which is how we were able to obtain this information this week. This does go to part of the analysis of the District Court. The District Court had stated that the one of the factors counseling in favor of hesitation was the federal Tort Claims Act exception which doesn't apply when there is a when property is seized for the purposes of criminal forfeiture and the underlying offense is one for which that property could be forfeited. Here. The underlying offense is no longer the same offense. The District Court basis ruling on it's a different offense and there just are no facts in the record more facts need to be introduced and developed in order for the courts conclusion there that that exception applies to still be valid. So we wanted to bring that to the court's attention because we do think it has some relevance on the court's analysis. All right. Thank you counsel. With no remaining questions. I will my argument in principle. Well, I'll ask one more question if we have time. So what about the existence of an alternative remedial procedure in this case? There appears to be one and that you know, therefore sort of leans in this special factor area. So, you know, isn't that sufficient to tip the balance given that that factor does exist. However, modest it may be. Respectfully. I do not see an alternative remedial structure here. This falls within a gap where there is no forfeiture requirements for notice. It's neither criminal civil nor administrative forfeiture. Right, but the government says that the DOJ has a similar scheme applicable to FBI agents as that scheme existed a similar way in Egbert. It appears to me that the argument was that those policies govern forfeiture of or excuse me, return of property that was seized during a criminal investigation. This was seized in the under the pretense that it would be criminal forfeiture after an indictment. So I don't actually think that those policies would apply unless I misunderstand the government's citation. Thank you. Thank you. Thank you counsel. Let's hear from the government. Good morning, your honors Teal Miller. On behalf of the United States as amicus curiae. Egbert dictates that this court should affirm judgment dismissing Jackson's due process claim. He's conceded that we're in a new context. So the only question is whether there are special factors counseling hesitation. Here. There are two such sets of factors taking the analysis in the reverse order of Egbert. There are alternative remedies here. The administrative remedy scheme that Judge Pregerson you just reference the Department of Justice has a system through which citizen can make a complaint about the conduct of an individual officer of the Department of Justice, including a special agent of the the Federal Bureau of Investigation. There is also a remedy for Mr. Jackson who and I take counsel's point that we don't know the precise nature of his claim and I'm having trouble figuring it out. But let's assume he wants his cars back. Can he get him back from the Justice Department? No, but that doesn't mean it's not an alternative remedy under Egbert. In Egbert, what the court said. Can I ask you a question? Would an alternative remedy be to call him up and say, gee, we're sorry, but you don't get your cars back. I mean, it's sort of at some point it reduces to the point where the you know, where anything suffices. Do you agree with that? No, I don't agree that casual phone call would be an alternative alternative remedy within the meaning of Egbert, but that's not what the Department of Justice is an alternative remedial structure or the administrative remedial structure provides to a defendant. There's no review of that alternative remedial structure. There's no input. We don't even know to what it's I don't even think it's a public process. So, I mean we can we can sort of dance around the issue, but it seems to me that sort of anything according to your argument would be adequate. Is there some, I mean, can you think of a situation where it wouldn't be adequate? Can I think of a situation in which the Department of Justice's administrative remedies process wouldn't be adequate? No. Any situation in which a federal agent is involved, whether there's a formal process or not, surely I can call his supervisor and say he misbehaved and surely the supervisor, if he thinks he did, could exact some punishment or sanction or warn him not to do it again. It strikes me. That's all that your process allows, isn't it? So what's, why did, why is the existence of the process any different than, as Judge Preggers has said, my ability to pick up the phone and call the government and say I've been wronged? It's different because Egbert says it's different. Egbert have, looks at DHS's analogous process and says that is an available alternative remedy. But that's, that leads back to the question that Judge Preggerson asked. I think I know the answer, but I'm not sure you can say it. What you're really saying is Egbert says we're never going to extend this to a new context because the remedy available here is really no different than the remedy of picking up the phone and calling the local FBI supervisor and complaining, is it? I don't think it's fair to characterize it as so, such an empty remedy. I think if you look at what happened in Egbert itself, what you see is that there was a year-long investigation through the process and such an investigation might be undertaken in this case if Jackson had availed himself of it, but he didn't. And there also is actually a second alternative remedy here, which we've, which we've set out in our brief, which is 31 USC. Right. But the disconnect, and I think you agree that none of these remedies provide, assuming there were, there was the ability to recover monetary compensation here. None of these remedies at all have any nexus with that remedy, right? It is correct that the Department of Justice's alternative administrative remedy scheme does not provide money damages, except that under 31 USC 3724, the Attorney General has authority to settle a claim for damaged property in a law enforcement investigation for up to $50,000. So actually, I think we're in a situation where the alternative remedies are stronger than they were in Egbert. I think if an individual filed a claim, made a complaint to the Department of Justice and the investigation sort of led to a situation in which the department felt that that person was entitled to up to $50,000 in compensation, the Attorney General has the authority to offer money. I thought that was only if damage were done to property, as opposed to we didn't give you notice. Well, I think we'd have to litigate the question of whether, you know, the complete removal of property that was yours counts as damage for sure. It doesn't give rise to a cause of action. So I guess I step back from having said litigation, but it does give the Attorney General settlement authority. So setting aside the sort of set of reasons that has to do with the availability of alternative remedies, Egbert also directs the court to ask whether there are special counsels, special reasons, special factors, indications that this is a legislative judgment. Creating a cause of action for damages is a legislative judgment, as opposed to something that a court should be deciding. And here there are such factors. The existence of two sort of parallel complicated statutory schemes that Congress has repeatedly revised, I'm referring both to the scheme for criminal forfeiture and to the Federal Court Claims Act, shows that Congress is making deliberate judgments in this area about  I'm talking about 2680C of the Federal Tort Claims Act, and then also what notice requirements are appropriate in criminal forfeiture proceedings. That is evidence not of an alternative remedy, and I think the argument about the new conviction is a sideshow because we're not saying, we didn't say before and we're not saying now, that Jackson had a remedy under the FTCA. I think he clearly doesn't because he can't fit within the re-waiver of sovereign immunity in CAFRA. But we're saying that there's a lot of reason to think that he's making deliberate judgments in this area, which is a reason for this court to stay at Bivens' hand and not create a cause of action for a due process violation. With respect to the failure to state a claim, so let's assume for a second there is a Bivens cause of action. Do you think we should reach that or would it be more appropriate given that this was a pro se complaint to send that back to the District Court to allow an amendment and see what the heck Mr. Jackson's claim actually is? No, I think that you, I think you could affirm and if you think there is a Bivens claim. I'm asking you to assume that there's a Bivens Yes. cause of remedy in this, in this context. Yes. Yes. And of course, I will assume that hypothetically for the reasons I've said, I don't think that's right. Then I think you should affirm on the alternative basis that he hasn't stated a claim against the only defendant and he was told by the magistrate judge, you haven't stated, you haven't alleged that this, the only individual you've named has done anything. You should perhaps name some other individuals and he came back and said effectively, he was in charge of the whole thing. So he's responsible. He was pro se and now he's represented by able counsel. He was pro se but he was told by the magistrate judge. Here's what you need to do to get, to get through the gate and he failed to do so. And so I think this court can assume that he can't. And I think just as this court noted, he concedes in his complaint that the black Mercedes was owned by his co-defendant. This is at page 69. He calls Young, his co-defendant, the quote owner of the black Mercedes. And I think there is effectively all that would be left to him would be a, he was entitled to pre-deprivation notice before this property was turned over to the lien holder, the red Mercedes. And there's nothing in the complaint and nothing he has to do with the FBI agent who ran the operation in which the criminal forfeiture, the seizure warrant was issued. If the court has no further questions, it is the view of the United States. Let me just ask you a quick question. Are you saying that notice is required if the government takes title, but it is not if the government gives your property to a third party? So I think that the question is not, is notice required, but is pre-deprivation notice required? There's no question that there was notice here and his allegation is he's entitled to pre-deprivation notice. I think it is. What notice did he receive? Well, his, we know his co-defendant sent his father to pick up the black Mercedes. So, so he had notice of the co-defendant did. What notice did Mr. Jackson receive? Well, he indicates in the record that he is aware that these vehicles have been transferred. So that's post-deprivation notice. I recognize like his allegation is that that deprives him of due process, but but, but there is some question whether an individual is entitled in these circumstances when he has notice in a in a, in the indictment and then in the Bill of Particulars or the, that, that a car is subject to forfeiture. And I understand the difficulty in dealing with it in the absence of knowing precisely what his claim is. Yes. But what you're suggesting is that as long as he could have attacked the repossession in some other forum, he wasn't entitled to pre-deprivation notice? Well, an individual isn't entitled to pre-deprivation notice. I mean, the notice you get is through the forfeiture process, right? And they're saying, the claim is that there's a gap in this statute. Our, the Asset Forfeiture Reform Manual provides that usually when the United States determines not to forfeit something that's been seized for forfeiture, they will give it back to the person from whom it was seized. But there are exceptions when it turns out that the person from whom it was seized doesn't have title. And so the question would be, are you entitled to notice when you don't have title? I think. All right. Thank you, Counsel. Questions took you over time, but we appreciate it. Is there a little time left? Thank you. No, Your Honor. Okay. Thank you very much to both sides for your argument today. And Ms. Galina, thank you in particular for your participation in this case pro bono. We really appreciate it. The matter is submitted. The next case on the argument calendar is Standard versus Dye.
judges: NGUYEN, HURWITZ, Pregerson